SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 168973)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6940
    Facsimile: (415) 436-7234
    E-mail: kirstin.ault@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00711 SI |
| Plaintiff, | |
| v. | **UNITED STATES' TRIAL MEMORANDUM AND RULE 17-1-1 STATEMENT** |
| CODY DOBBS, | Pretrial: October 30, 2007 |
| Defendant. | Trial Date: November 13, 2007 |
| | Time: 8:30 a.m. |
| | Court: Courtroom No. 10 |
| | Hon. Susan Illston |

Pursuant to the Court's Order for Pre-Trial Preparation and Criminal Local Rule 17-1-1(b), the United States respectfully submits the following.

**I.    CHARGES**

On October 26, 2006, defendant Cody Dobbs was charged in a five-count indictment with two counts of conspiracy to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and three counts of manufacturing and possessing with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

<u>Conspiracy</u>

The elements of conspiracy are: (1) there was an agreement between two or more persons

to commit at least one crime as charged in the indictment; and (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

<u>Manufacturing and Possessing With Intent to Distribute Marijuana</u>

The elements of manufacturing and possessing with intent to distribute marijuana are: (1) the defendant knowingly possessed marijuana; and (2) the defendant possessed it with the intent to deliver it to another person. (Possession with intent to Distribute) OR (1) The defendant knowingly manufactured marijuana; and (2) the defendant knew that it was marijuana or some other drug. (Manufacture)

## II.  STATEMENT OF FACTS

At trial, the United States expects to prove the following facts through competent witnesses and evidence.

On April 30, 2004, Humboldt County Sheriff's Deputies went to a property on Bear Butte Road for further investigation of a site where they had discovered an unattended marijuana grow a year earlier. When they arrived, the deputies found Donald Dobbs living at a mobile home on the property. Donald Dobbs gave the officers consent to search the property. The deputies subsequently found approximately 2,000 marijuana plants growing in two of buildings on the property. Donald Dobbs will testify that he was working for the defendant and Eddie Shields, that he was paid approximately $1,800 per week for tending the marijuana, and he was allowed to live on the property. Eddie Shields will also testify that he and Cody Dobbs built the grow structures on the property, hired Donald Dobbs, and split the profits from earlier marijuana harvests.

On May 12, 2005, Fish and Game Wardens were in open country near Piercy, California investigating a petroleum leak into the Eel River. They followed the leak to a generator. Near the generator, the wardens found the defendant coming out of the open door of a large barn-like building. The wardens saw a large marijuana grow within the structure. The wardens called deputies from the Mendocino County Sheriff's Office for assistance, and together they found approximately 2,350 plants growing in the structure out of which the defendant had been seen

walking as well as inside three similar structures on the same property.  Wade Trabue and Trevor Trabue were also found on the property with the defendant.  Wade Trabue will testify that he was partners with the defendant in this marijuana cultivation operation and that he and the defendant split the profits from the marijuana harvests.  Trevor Trabue will testify that he worked for the defendant and Wade Trabue, his father, assisting with tending the marijuana plants.  Eddie Shields will testify that he provided the clones to the defendant for this marijuana cultivation operation.

Humboldt County Sheriff's officers also searched the defendant's residence at 3541 Osprey Terrace, Fortuna, California on May 12, 2005.  At the defendant's house, the officers found a 110-plant marijuana grow in the defendant's basement, along with a 2004 lease for the property where the 2004 grow site was found and a grant deed for the property where the 2006 grow site would be found.  The officers further conducted a consent search of the garage at 3580 Osprey Terrace, a second house owned by the defendant.  Another marijuana grow was found in this garage.  Thomas Golden, the tenant at 3580 Osprey Terrace will testify that he was renting the house from the defendant, that the grow was already present in the house when he took possession, and that the defendant took approximately 2/3 of the marijuana from the first harvest after Golden moved into the house.

On September 13, 2006, agents executed a federal search warrant at a property on Crooked Prairie Road in Humboldt County, California.  When agents arrived at the property, they saw the defendant, wearing his underwear and carrying clothes, run out of the back door of a house on the property and escape through the woods.  Although the agents were unable to catch the fleeing suspect, the other resident of the house, Jenny Sutherland, told agents that the man was her boyfriend, the defendant.  Agents found 706 marijuana plants growing outdoors in fields adjacent to the house and in a green house located nearby.

### III. <u>EVIDENTIARY ISSUES</u>

The United States is not aware at this time of any additional evidentiary issues not presented in the parties' motions in limine.

///

**IV.  STATEMENT PURSUANT TO CRIMINAL LOCAL RULE 17–1–1(b)**

*1.     Disclosure Of Jencks Act Material*

The United States believes that it has produced or provided the defense access to all Jencks Act material in its possession, with the exception of Grand Jury testimony and plea agreement, which are being provided to the defendant pursuant to the Court's order.  As the United States continues to review evidence and interview witnesses, attorneys for the United States will produce or provide access to any additional Jencks Act material of which we become aware.

*2.     Disclosure Of Grand Jury Testimony*

Pursuant to the Court's order, the United States is providing copies of grand jury testimony for prospective witnesses.

*3.     Disclosure of Exculpatory Information*

The United States believes that it has produced or provided access to all exculpatory information to the defense that is currently in its possession.   The United States recognizes its ongoing obligation to provide the defendant with any exculpatory material in its possession and will continue to provide copies or access to such material.

*4.     Stipulations Of Fact*

The United States will meet and confer with defense counsel to discuss possible stipulations of fact.  The parties will continue to discuss appropriate areas for stipulation and submit a written stipulation and proposed order to the Court.

*5.      Appointment Of Interpreters*

The United States does not anticipate that any of its witnesses will need the services of an interpreter.  If the United States becomes aware during trial preparation that any witness will need the services of an interpreter, the United States will make the necessary arrangements and will inform the Court.

*6.     Dismissal of Counts, Elimination Of Issues*

The United States does not anticipate dismissing any of the counts in the indictment prior to trial.

***7.   Joinder Pursuant to Rule 13***

There are no joinder issues.

***8.   Identification of Informants, Use of Line-ups, Evidence of Prior Convictions of the Defendant etc.***

If the defendant elects to testify at trial, the United States will use his 2006 felony conviction for making or delivering a check with insufficient funds to impeach his credibility pursuant to Federal Rule of Evidence 609(a)(2).

***9.   Witnesses To Be Called At Trial***

*See* United States' Witness List.  The United States reserves the right to amend this list as trial approaches.

***10.   Pretrial Exchange of Exhibits and Diagrams***

*See* United States' Exhibit List.  The United States reserves the right to amend this list as trial approaches.

***11.   Objections To Exhibits Or Testimony To Be Offered At Trial***

The United States has not received discovery from the defense or any indication of the witnesses the defendant intends to call or the exhibits the defendant intends to introduce. Inasmuch as this information has not yet been provided to the United States by the defense, the United States has raised no objections.

***12.   Trial Briefs***

*See* discussion above.

***13.   Scheduling of Trial and Witnesses***

The parties will meet and confer regarding the trial schedule and order of witnesses.  The United States agrees to provide the defense with a list of the witnesses it intends to call on a particular day, twenty-four hours in advance, provided that the defense agrees to do the same.

***14.   Voir Dire***

*See* United States' Proposed Voir Dire.

///

///

*15.* *Other Matters*

The United States is not aware of any additional issues that need to be brought to the Court's attention.

DATED: October 25, 2007                    Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney

/s

KIRSTIN M. AULT
Assistant United States Attorneys