SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 168973)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6940
Facsimile: (415) 436-7234
E-mail: kirstin.ault@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CODY DOBBS,<br><br>    Defendant. | No. CR 06-00711 SI<br><br>**UNITED STATES' PROPOSED VOIR DIRE**<br><br>Pretrial:    October 30, 2007<br>Trial Date:  November 13, 2007<br>Time:      8:30 a.m.<br>Court:     Courtroom No. 10<br>Hon. Susan Illston |

The United States respectfully requests the Court to ask the questions listed below during the voir dire examination of prospective jurors:

1. In what city do you live?

2. Are you employed? Please describe what you do.

3. What is your educational background.

4. Are you married? What is your spouse's occupation/employment?

5. Do you have any children? What are their ages? If they are employed, please describe what their employment involves.

///

6. Do you participate in any civic or social organizations, or any advocacy organizations or groups?

7. Have you ever served on a jury before? If the answer is yes:

    a. When did you serve?

    b. Was it in state or federal court?

    c. Was it a civil or criminal case?

    d. Did the jury reach a verdict?

    e. Is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

8. Have you ever served in the military? If yes, were you ever assigned to perform a police function or judicial service on a court martial? If so, is there anything about that experience that would affect your ability to be an impartial juror in this case?

9. Have you ever been a party or witness in a lawsuit? If yes, when was it and what type of case was it? What role did you have in the case?

10. Have you or any member of your family ever been arrested for or charged with a criminal offense, other than a minor traffic violation? If so, please describe the circumstances (at the side bar if requested by the juror).

11. Have you ever been the victim of a crime, or has any member of your immediate family ever been the victim of a crime?

If your answer to either question is yes, when did it happen, and what type of crime was involved? Is there anything about that experience that would in any way affect your ability to be a fair and impartial juror in this case? Is there anything about the way the police or the prosecutor handled that case that has caused you to form an opinion about law enforcement officers in general, or which would influence your opinion about the law enforcement officers who might testify in this case or about the prosecutor representing the United States in this case?

///

///

U.S. PROPOSED VOIR DIRE
CR 06-00711 SI    2

12. Have you or any member of your family made a claim against the United States government, or had a dispute or contested matter with any federal agency? If yes, what was the nature of the claim or the dispute? Did you feel that you were treated fairly by the government and the agency involved? Will that experience affect your ability in this case to be fair and impartial toward the government?

13. Do you have any close friend or relative who works in law enforcement?

14. Have you or any member of your immediate family ever had a bad experience with law enforcement? What was the experience? Would that experience adversely affect your ability to being a fair and impartial juror in this case?

15. Law enforcement personnel, including agents from the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the Humboldt County Sheriff's Department, and the Mendocino County Sheriff's Department, will be witnesses in this case.

The jury will be instructed that in deciding the facts of this case, they may have to decide which testimony to believe and which testimony not to believe. Jurors may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, jurors may take into account any factors that bear on the witness' believability, such as (1) the opportunity and ability of the witness to see or hear or know the things that the witness testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case and any bias or prejudice; (5) whether other evidence contradicted the witness' testimony; and (6) the reasonableness of the witness' testimony in light of all the evidence.

My question is this – in evaluating the testimony of law enforcement witnesses, would the fact that they are law enforcement personnel lead you to give their testimony more credence, or less credence, than you would give to the testimony of non-law enforcement witnesses, or would you judge the testimony of a law enforcement witness the same as you would any other witness?

///

16. Have you ever had any contact with, or do you know anyone associated with this case, including:

    a. The parties to this case or their attorneys (introduce)?

    b. The United States Attorney's Office?

    c. The DEA or IRS or any other law enforcement agency?

If so, please describe. Would this contact or association your ability in this case to be fair to both parties?

17. Do you know any people who have had such contact or association with the parties, their attorneys, the United States Attorney's Office, the DEA or IRS, or other law enforcement agencies? If so, would anything they have told you or anything you have learned about their associations or experiences affect your ability to be a fair and impartial juror in this case?

18. In this case, the defendant is charged with federal drug offenses concerning marijuana, including allegedly using places for the manufacture and distribution of marijuana; manufacturing marijuana; possessing marijuana for distribution; distributing marijuana; and conspiring with other persons to commit these offenses.

Federal law prohibits anyone from manufacturing (growing) marijuana, possessing marijuana for distribution, distributing marijuana, using a place for the manufacture or distribution of marijuana; and conspiring with other persons to commit these offenses.

My question is this – would the circumstance that the charges in this case relate to marijuana, affect your ability to fairly and impartially judge the evidence in this case?

19. The evidence in this case will be that the defendant grew marijuana, and distributed marijuana to marijuana clubs where marijuana was sold to marijuana users for purported medical use.

Federal law, not California state law, is applicable to this case. Federal law prohibits the manufacture and distribution of marijuana, regardless of the ultimate consumer or intended consumer of the marijuana. In other words, federal law prohibits the manufacture or distribution of marijuana, and there is no exception under federal law

for the manufacture of marijuana for marijuana clubs, nor for the distribution of marijuana to marijuana clubs, nor for the distribution of marijuana by marijuana clubs to medicinal users.

If you are selected as a juror in this case, it will be your duty to apply federal law to the facts of this case. My question is this: Is there any reason that are you aware of as you sit there now, why you could not or might not follow the Court's instructions to apply federal law to the facts of this case?

20. Have you heard or read anything about this case? (If yes, voir dire those jurors out of the presence of the jury panel). If you are selected as a juror for this trial, can you completely set aside what you may have heard or read about this case, and be fair and impartial to both sides?

21. Have you or any member of your family or any of your friends had any experience with drugs that would affect your ability to be fair and impartial toward both sides in this case?

22. Have you or any member of your family or any of your friends ever been accused of, arrested for, or convicted of any offense involving drugs of any kind?

23. Do you have any moral, religious or ethical beliefs that would make it difficult for you to sit as a juror in this case, given that this trial involves alleged drug offenses?

If so, do you understand that you are not being asked to judge the defendant, but only to judge the facts and determine whether or not the defendant did in fact commit the acts which constitute the criminal offenses charged? With this understanding, do you still feel you could not sit in judgment?

24. Is there anything about the fact that this is a drug case that would make you reluctant in any way to sit as a juror?

25. You should not speculate about the possibility of punishment for the defendant. While you might naturally wonder what might happen as a result of your verdict, will you be able to decide the factual issues independent of such feelings?

26. Do all of you understand that the United States, as well as the defendant, has the right to a fair trial?

27. If the evidence presented at trial convinced you beyond a reasonable doubt that the defendant committed the offenses charged in the indictment, is there any reason that you might hesitate to return a verdict of guilty?

DATED: October 25, 2007                    Respectfully Submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney

                                               /s

KIRSTIN M. AULT
Assistant United States Attorney