IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-0711 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| CODY DOBBS, | |
| Defendant.                              / | |

On October 30, 2007, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning November 13, 2007. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case may take 9 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

**2.** **Number of jurors and challenges**: There shall be a jury of twelve members, plus three alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3.** **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

1  **4.**    **Jury instructions**: The Court received proposed jury instructions from the plaintiff,
2  including certain special instructions requested by plaintiff.  Defendant shall file any objections to
3  plaintiff's proposed instructions no later than Friday, November 2, 2007.

5  **5.**    **Trial exhibits**:  No later than November 9, 2007, the parties shall submit their trial
6  exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be
7  provided with three sets (for the court, the file and the witness) and each side shall provide one set for
8  the other side.  To the extent that the parties intend to use original documents, as opposed to copies, at
9  trial, they need not provide photocopies of the original documents to the clerk for the file.

11  **6.**    **Motions in limine**:  The parties filed seven motions in limine, on which the Court ruled
12  as follows:

13  **(1)  US motion regarding argument and discovery**: The government seeks to preclude
14  evidence of, reference to or argument concerning defendant's potential sentence should he be convicted;
15  and to preclude reference in opening statement to facts which a party does not reasonably anticipate will
16  be supported by evidence admitted at trial.  Defendant does not oppose either request and both requests
17  are GRANTED.

18  **(2) US motion to preclude evidence and references to medical marijuana**: Defendant
19  concedes that California laws on medical marijuana do not provide him a defense against the marijuana
20  conspiracies alleged in the indictment.  To that extent this motion is GRANTED.  However, should any
21  witness answer a question posed in good faith with information concerning prior purported medical
22  marijuana grows involving defendant, that testimony will not be stricken unless it is otherwise
23  irrelevant.   The Court will provide appropriate explanatory instructions upon request.  Further, the
24  parties may refer to California laws on medical marijuana during voir dire.

25  **(3) US motion to exclude irrelevant and cumulative testimony:** The government seeks to
26  limit the number of law enforcement witnesses called by defendant, and to "preclude the defendant from
27  calling any witness solely for the purpose of impeaching that witness."  The motion is DENIED as
28  premature, but without prejudice to consideration in context at time of trial.

**(4) Defendant's motion to exclude evidence of money orders alleged to have been purchased by defendant:** DENIED as premature, but without prejudice to specific objections to specific testimony at time of trial.

**(5) Defendant's motion to admit statements of Trabue implicating himself as the individual that alone cultivated the marijuana at 750 Bear Pen Canyon:** GRANTED. The government anticipates calling Trabue as a witness and these matters may be explored with him.

**(6) Defendant's motion to exclude evidence proffered by the government:** This multi-part motion is DENIED as premature, without prejudice to specific objections at time of trial, with the exception that, barring further order of Court, the following evidence is excluded: evidence that a generator from the Bear Pen Canyon grow site was found at a 6000 plant marijuana grow elsewhere in Humboldt County; evidence of defendant's involvement in cocaine dealing (FRE 403), unless defendant opens the door by, for example, impeaching Funk with Funk's involvement in cocaine; evidence of blank doctors' recommendations for marijuana; and evidence of defendant's gambling.

**(7) Defendant's motion to exclude evidence of a conspiracy proffered by the government as admissible pursuant to FRE 801(d)(2)(E):** DENIED as premature, without prejudice to specific objections to specific questions at time of trial.

**IT IS SO ORDERED.**

Dated: October 30, 2007

SUSAN ILLSTON
United States District Judge

3