1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    No. CR 06-0711 SI

                    Plaintiff,              **JURY INSTRUCTIONS**

        v.

CODY DOBBS,

                    Defendant.
_____/

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

CHARGE AGAINST DEFENDANT NOT EVIDENCE
PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

United States District Court
For the Northern District of California

REASONABLE DOUBT—DEFINED

    Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

    If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court
For the Northern District of California

5

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

United States District Court
For the Northern District of California

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to these charges against this defendant.

**United States District Court**
For the Northern District of California

1

ACTIVITIES NOT CHARGED

2

3          The defendant is on trial only for the crimes charged in the indictment, not for any other

4   activities.

United States District Court
For the Northern District of California

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

United States District Court
For the Northern District of California

POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.  More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
For the Northern District of California

CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

CONSPIRACY – COUNT ONE
(21 U.S.C. § 846)

The defendant is charged in Count One of the indictment with conspiring to manufacture and possess with intent to distribute marijuana, in violation of Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning in or about January 2004, and ending on or about May 12, 2005, there was an agreement between two or more persons either (1) to manufacture marijuana, or (2) to possess with intent to distribute marijuana.  or both.  The government only needs to prove one of these objectives, but you must unanimously agree upon the same objective as having been proved beyond a reasonable doubt.

*Second*, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

**United States District Court**
For the Northern District of California

1

CONSPIRACY – COUNT FOUR
(21 U.S.C. § 846)

The defendant is also charged in Count Four of the indictment with conspiring to manufacture and possess with intent to distribute marijuana, in violation of Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning at a time unknown but no later than August 2006, and ending on or about September 13, 2006, there was an agreement between two or more persons either (1) to manufacture marijuana, or (2) to possess with intent to distribute marijuana, or both.  The government only needs to prove one of these objectives, but you must unanimously agree upon the same objective as having been proved beyond a reasonable doubt.

*Second*, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

CONSPIRACY – ELEMENTS
(21 U.S.C. § 846)

I shall discuss with you briefly the law relating to each of the elements of the conspiracy charges.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

2

CONSPIRACY– KNOWING OF AND ASSOCIATION
WITH OTHER CONSPIRATORS

3

A conspiracy may continue for a long period of time and may include the performance

4

of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and

5

one may become a member of a conspiracy without full knowledge of all the details of the unlawful

6

scheme or the names, identities, or locations of all of the other members.

7

Even though a defendant did not directly conspire with other conspirators in the overall

8

scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a

9

reasonable doubt that:

10

*First*, the defendant directly conspired with one or more conspirators to carry out at least

11

one of the objects of the conspiracy,

12

*Second*, the defendant knew or had reason to know that other conspirators were involved

13

with those with whom the defendant directly conspired, and

14

*Third*, the defendant had reason to believe that whatever benefits the defendant might

15

get from the conspiracy were probably dependent upon the success of the entire venture.

16

It is no defense that a person's participation in a conspiracy was minor or for a short

17

period of time.

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

19

CONSPIRACY– LIABILITY FOR SUBSTANTIVE
OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)
COUNTS 2 and 3

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of manufacturing or possessing with intent to distribute marijuana, as charged in Counts Two or Three of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.     one of the defendant's co-conspirators committed the crime of manufacturing or possessing with intent to distribute marijuana as alleged in Count Two or Three;

2.     the person was a member of the conspiracy charged in Count One of the indictment;

3.     the person committed the crime of manufacturing or possessing with intent to distribute marijuana in furtherance of the conspiracy;

4.     the defendant was a member of the same conspiracy at the time the offense charged in Count Two or Three was committed; and

5.     the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

1

**United States District Court**
For the Northern District of California

CONSPIRACY– LIABILITY FOR SUBSTANTIVE
OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)
COUNT 5

Similarly, you may find the defendant guilty of manufacturing or possessing with intent to distribute marijuana, as charged in Count 5 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.      one of the defendant's co-conspirators committed the crime of manufacturing or possessing with intent to distribute marijuana as alleged in Count Five;

2.      the person was a member of the conspiracy charged in Count Four of the indictment;

3.      the person committed the crime of manufacturing or possessing with intent to distribute marijuana in furtherance of the conspiracy;

4.      the defendant was a member of the same conspiracy at the time the offenses charged in Count Five was committed; and

5.      the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

21

United States District Court
For the Northern District of California

COUNTS TWO, THREE AND FIVE

The defendant is charged in Counts Two, Three and Five of the indictment with manufacturing marijuana and also with possession of marijuana with intent to distribute, both in violation of Section 841(a)(1) of Title 21 of the United States Code.  I will now instruct you on the elements of each of these charges.

In order for the defendant to be found guilty of manufacturing marijuana, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly manufactured marijuana; and

*Second*, the defendant knew that it was marijuana or some other prohibited drug.

In order for the defendant to be found guilty of possession of marijuana with intent to distribute, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly possessed marijuana in a measurable or detectable amount; and

*Second*, the defendant possessed it with the intent to deliver it to another person.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of the charge in Counts Two, Three and Five of the indictment, the government is not required to prove the amount or quantity of marijuana.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of marijuana.

The government only needs to prove one of these crimes – manufacturing or possession with intent to distribute -- but you must unanimously agree upon the same crime as having been proved beyond a reasonable doubt.

22

AIDING AND ABETTING

A defendant may be found guilty of manufacturing or possessing with intent to distribute marijuana, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, the crime of manufacturing marijuana or possessing with intent to distribute marijuana was committed by someone;

*Second*, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

*Third*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit manufacturing or possessing with intent to distribute marijuana.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**United States District Court**
For the Northern District of California

MANUFACTURING DEFINED

The term "manufacture" means the cultivation, production, preparation , propagation or processing of marijuana and includes any packaging or repackaging of marijuana or labeling or relabeling of its container.

CULTIVATION PROHIBITED

Federal law prohibits the manufacture or cultivation of marijuana for any purpose.

"ON OR ABOUT" – EXACT DATE NOT NECESSARY TO PROVE

The charges allege that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on those dates.

1

DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

2

3        If you find the defendant guilty of any of the charges in the indictment, you are then to

4  determine the number of marijuana plants. Your decision as to the number of marijuana plants must be

5  unanimous and must be beyond a reasonable doubt.

6        The government does not have to prove that the defendant knew the exact number of

7  marijuana plants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TESTIMONY OF ACCOMPLICES AND
WITNESSES UNDER GRANT OF IMMUNITY

You have heard testimony from Brian Thomas, Tymbre Petrell, Trevor Trabue, Thomas Golden, Eddie Shields, Zachary Diamond, Whitney Hughes, Eric Funk, and Amanda Buckland, witnesses who admitted being accomplices to some of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

In addition, all of these witnesses, except Brian Thomas, received immunity. A grant of immunity means that these witness' testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness.

For these reasons, in evaluating these witness' testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine their testimony with greater caution than that of other witnesses.

TESTIMONY OF WITNESS RECEIVING BENEFITS

You have heard testimony from Eddie Shields and Eric Funk, witnesses who may receive benefits from the government in connection with this case.

For this reason, in evaluating these witness' testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine their testimony with greater caution than that of other witnesses.

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**United States District Court**
For the Northern District of California

1

2

3

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

JURY CONSIDERATION OF PUNISHMENT


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**United States District Court**
For the Northern District of California

1

2

COMMUNICATION WITH COURT

3

        If it becomes necessary during your deliberations to communicate with me, you may send

4 a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member

5 of the jury should ever attempt to communicate with me except by a signed writing, and I will respond

6 to the jury concerning the case only in writing, or here in open court. If you send out a question, I will

7 consult with the lawyers before answering it, which may take some time. You may continue your

8 deliberations while waiting for the answer to any question. Remember that you are not to tell

9 anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of

10 the defendant, until after you have reached a unanimous verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California