IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-711 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE TESTIMONY OF RON PROSE AND EDDIE SHIELDS** |
| v. | |
| CODY DOBBS, | |
| Defendant. / | |

Defendant has moved to strike the testimony of Ron Prose and Eddie Shields based on the delayed disclosure of *Jencks* discovery, namely a tape recording made by Prose of an interview he conducted with Shields several years before defendant's indictment. (Docket No. 149). Defendant contends that the tape recording reflects Shields denying knowledge about various marijuana grows to which he testified at trial. "[U]ntimely disclosure does not require striking a witness's testimony or calling a mistrial where the defendant is not prejudiced and the untimely disclosure was not willful avoidance and egregious dereliction of the prosecutor's statutory obligation." *United States v. Dupuy*, 760 F.2d 1492, 1497 (9th Cir. 1985) (internal quotation and citation omitted).

The Court finds that defendant has not met the standard articulated in *Dupuy*. Whatever prejudice was caused by the delayed disclosure could have been mitigated because Shields was subject to recall and defendant could have cross-examined Shields regarding the contents of the tape recording. In addition, the United States attorney has submitted a declaration stating that she was unaware of the existence of the tape recording until Mr. Shields testified, and that as soon as she learned of the recording, Ms. Ault obtained a copy and promptly produced a redacted version to defendant. Ault Decl. ¶¶ 2-5.

Consequently, defendant's motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2007

_____
SUSAN ILLSTON
United States District Judge

2