IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br><br><br>CODY KYLE DOBBS,<br><br>Defendant/Petitioner._____/ | No. CR 06-00711 SI<br>(Civil No. 10-3402 SI)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION** |

**BACKGROUND**

In October 2006, Cody Kyle Dobbs was indicted by a grand jury and charged with three counts of manufacturing and possessing with intent to distribute marijuana and two counts of conspiracy to do the same. Indictment, Dkt. 1. On December 5, 2007, the jury returned a verdict of guilty on all but one count. Jury Verdict, Dkt. 171. Dobbs was sentenced to 127 months' imprisonment followed by 10 years of supervised release, a $400 special assessment and $34,485.48 in restitution. J., Dkt. 199. Dobbs filed a timely appeal to the Ninth Circuit. Notice of Appeal, Dkt. 195. Dobbs' conviction was affirmed on all counts by the Ninth Circuit on November 17, 2009. *United States v. Dobbs*, No. 08-10239 (9th Cir. 2009), Dkt. 231.

On July 30, 2010, Dobbs filed a motion for release pursuant to 28 U.S.C. § 2255. Mot. to Vacate, Dkt. 236. Dobbs raised three claims: (1) that Dobbs misinterpreted statements made by counsel regarding whether the Court would permit him to substitute counsel in the weeks leading up to the trial, causing him to be deprived of his right to be represented by counsel of his choice; (2) that, by causing Dobbs' confusion and failing to convey Dobbs' request regarding substitution of counsel, Dobbs' trial counsel provided ineffective assistance; and (3) that Dobbs' appellate counsel also provided ineffective

assistance due to her unwillingness to raise issues relating to claims (1) and (2) during Dobbs' direct appeal. *Id.* at 3-5.

On March 3, 2011, this Court issued an order denying Dobbs' section 2255 request, and a judgment to that effect was entered on March 7, 2011. Order, Dkt. 244; J., Dkt. 245. Dobbs now seeks reconsideration of this decision under the Federal Rules of Civil Procedure § 59(e).

**LEGAL STANDARD**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Requests for reconsideration should not be made frequently or granted freely. Such requests are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 565, 665 (9th Cir. 1999).

**DISCUSSION**

Dobbs bases his 59(e) motion on his assertion that this Court's interpretation of *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), is overly narrow. He contends that the Supreme Court's use of the word "whenever" in *Gonzalez-Lopez* indicates that where any party prevents a defendant from being represented by the attorney of his choosing, the Sixth Amendment is violated.

Dobbs interpretation of *Gonzalez-Lopez* is simply not supported by the language of *Gonzalez-Lopez* or other relevant precedent. It is true that the Supreme Court classified the deprivation of counsel of choice as a structural error and spoke forcefully about the potentially dramatic effects of such deprivation. Specifically, the Supreme Court stated that "[a] choice-of-counsel violation occurs whenever the defendant's choice is wrongfully denied." 548 U.S. at 150. However, at no point in

*Gonzalez-Lopez* did the Supreme Court state an intent to broaden the scope of the Sixth Amendment's protections to address behavior by non-governmental entities. The defendant in *Gonzalez-Lopez* was prevented from being represented by his counsel of choice due to the court's refusal to admit the chosen counsel *pro hac vice*. *Id.* at 142. This corresponds to the Supreme Court's other Sixth Amendment holdings. *See, e.g., Wheat v. United States*, 486 U.S. 153, 164 (1988) ("[T]he District Court's refusal to permit the substitution of counsel in this case was within its discretion and did not violate petitioner's Sixth Amendment rights."); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.") (internal quotation omitted).

Dobbs also mischaracterizes this Court's discussion of the Sixth Amendment right to counsel of choice, stating that this Court "simply presumes a court is the only entity that can be responsible for 'wrongfully denying a defendant' counsel of choice." Req. for Reconsideration, Dkt. 246. In reality, the Court cited a number of authorities for the widely-accepted proposition that the Sixth Amendment protects against governmental, not private, actions. *See* Order, Dkt. 244. Dobbs' assertion that this Court misinterpreted *Gonzalez-Lopez* by stating that the Sixth Amendment applied only to judicial action is similarly unfounded, as this Court clearly stated that the "[r]ight to choice of counsel, however, relates to wrongful denial of that right by the *judicial system or government*, not private individuals." *Id.* (emphasis added).

Because Dobbs has not presented this Court with any new evidence or intervening change in the law, the only ground on which his 59(e) motion could be granted is clear error in application of the law. Dobbs fails to present a compelling argument supporting his interpretation of *Gonzalez-Lopez*. Contrary to Dobbs' assertion, this is not a matter of first impression. The ambit of the Sixth Amendment has long been established and it does not encompass Dobbs' claims. Accordingly, the Court DENIES Dobbs' request for reconsideration under Federal Rules of Civil Procedure 59(e).

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Dobbs' request for reconsideration.  Dkt. 246.

**IT IS SO ORDERED.**

Dated: May 3, 2011

SUSAN ILLSTON
United States District Judge